IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| KIMBERLY DE LUNA,<br><br>          Plaintiff,<br>vs.<br><br>SPINDLETOP CENTER, OBETTA MILO,<br><br>          Defendants. | NO.1:23-CV-00167-MJT-ZJH |

### REPORT AND RECOMMENDATION GRANTING
### MOTION TO COMPEL ARBITRATION

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. Pending is the Defendants' *Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion to Compel Arbitration*.[1]  Doc. No. 14.  Plaintiff Kimberly De Luna, proceeding *pro se*, has not filed a response.

I.      Procedural History

On April 28, 2023, DeLuna filed a wrongful termination complaint against her former employer, Spindletop Center ("Spindletop"), and Obetta Milo ("Milo"), the Director of Use Disorder Services at Spindletop.  Doc. No. 1.  After conducting a *Spears* hearing, the undersigned ordered DeLuna to amend her complaint by August 28, 2023, which she did.  Doc. Nos. 6, 8. In light of the *Amended Complaint*, the undersigned then granted her *Motion to Proceed in Forma Pauperis* and ordered the United States Marshal to serve process.  Doc. Nos. 8-10.

---

[1]      Defendants Spindletop Center and Obetta Milo are referred to collectively as "Defendants."

On October 20, 2023, Defendants filed the instant *Motion to Dismiss Plaintiff's Amended Complaint, or in the Alternative, Motion to Compel Arbitration*. Doc. No. 14. DeLuna moved to strike the motion because Defendants filed it late. Doc. No. 15. The undersigned denied the motion to strike and ordered DeLuna to respond within twenty-one (21) days. DeLuna has not filed a response to the motion.

II. <u>Analysis</u>

Defendants moves to dismiss DeLuna's case on several merits-based grounds:

1. Her claims are barred by the statute of limitations;
2. She fails to state a valid 42 U.S.C. § 1983 claim against either Defendant;
3. Milo lacks any personal involvement in order to be liable under § 1983;
4. Any § 1985 claims are also barred by the statute of limitations and/or inadequately pled;
5. Any Fourteenth Amendment claims are barred by the statute of limitations and/or inadequately pled; and
6. The Deceptive Trade Practices Act ("DTPA") claims are barred by governmental immunity, the statute of limitations, and fail as a matter of law.

In the same motion to dismiss, Defendants also moved "in the alternative" to compel arbitration. Defendants construe DeLuna's claims as arising under 42 U.S.C. §§ 1983, 1985 and the DTPA and argues that these claims are covered by the arbitration provisions in her At-Will Employment Agreement. Doc. No. 14, at 10.

A. *Motion to Compel Arbitration*

As explained below, because the court finds the arbitration agreement is binding, it is unnecessary to analyze the other grounds Defendants raises to dismiss DeLuna's lawsuit. "On a motion to compel arbitration by an aggrieved party, the Court shall decide the issue of arbitrability summarily." *Marsh v. First USA Bank, N.A.*, 103 F. Supp. 2d 909, 914 (N.D. Tex. 2000) (citing 9 U.S.C. § 4). Here, both parties agreed to arbitrate all legally cognizable claims

between themselves and Spindletop's constituent members, employees, and officers arising out of or in any way related to DeLuna's employment, including termination, *exclusively* by final and binding arbitration in Beaumont, Texas. Doc. No. 14, Ex. 1, ¶3.1. (emphasis added). Therefore, the court should first decide whether this case should be submitted to arbitration—the parties' choice of exclusive forum—before deciding whether to resolve the matter on the merits. *Mun. Energy Agency of Mississippi v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986) ("If the dispute is within the scope of the arbitration clause, the court may not delve further into the merits of the dispute.") (citing *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 528 (5th Cir. 1983)). "The Fifth Circuit has repeatedly held that courts must be mindful not to consider the merits of the underlying action under a motion to compel arbitration." *Williams v. Home Depot USA, Inc.*, No. 3:15-CV-3655-L, 2016 WL 4098698, at *2 (N.D. Tex. July 8, 2016), R. & R. *adopted*, No. 3:15-CV-3655-L, 2016 WL 4039182 (N.D. Tex. July 28, 2016) (collecting cases).

1.   Enforcement of Arbitration Agreements

The Federal Arbitration Act ("FAA") provides that "a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2 (2022). The Supreme Court has consistently expressed a strong preference for arbitration. *See Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984) ("In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration ...."); *Janvey v. Alguire*, 647 F.3d 585, 593 (5th Cir. 2011). Section 4 of the FAA sets forth the rules governing the district court's role in the arbitration process. It provides in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (1954).

Once a party petitions the district court to compel arbitration, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id.* Once the court becomes satisfied a case should be referred to arbitration pursuant to that agreement, on application by one of the parties, the trial of the action shall be stayed until the arbitration has occurred in accordance with the arbitration agreement. 9 U.S.C. § 3 (1947). "Both [sections 3 and 4 of the FAA] call for an expeditious and summary hearing, with only restricted inquiry into factual issues." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 487 (5th Cir. 2002) (quoting *Moses H. Cone Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1982)).

Courts employ a two-step analysis to determine whether a party can be compelled to arbitrate. *Jones v. Halliburton Co.*, 583 F.3d 228, 233 (5th Cir. 2009), *cert. denied*, 559 U.S. 998 (2010) (citing *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)). First, the court must determine whether the parties agreed to arbitrate the dispute in question. *Jones*, 583 F.3d at 233-34. This inquiry is divided into two subparts: (1) whether there is a valid agreement to arbitrate the claims; and (2) if the dispute in question falls within the scope of that arbitration agreement. *Id.* Second, if this question is answered in the affirmative, the court then determines whether any federal statute or policy renders the parties' claim non-arbitrable. *Id.* Because

4

neither party contends that a federal statute or policy prevents arbitration in the instant case, the court limits its analysis to the first step. As stated previously, in conducting this two-step inquiry, the court must not consider the merits of the underlying action. *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1267 (5th Cir. 1994).

### 2. There is a Valid Agreement to Arbitrate Claims

Although there is a strong federal policy favoring arbitration, "the policy does not apply to the initial determination [of] whether there is a valid agreement to arbitrate." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). The Arbitration Agreement is contained within the At-Will Employment and Dispute Resolution Agreement ("Resolution Agreement") and attached as Exhibit 1 to the *Motion to Compel Arbitration*. *See* Doc. No. 14-1. The Resolution Agreement is effective March 12, 2019, and is signed by DeLuna and Dena Smelsky on behalf of Spindletop. Doc. No. 14-1 at 19. The Resolution Agreement identifies DeLuna as the employee and Spindletop as the employer and states that it hired DeLuna under the Resolution Agreement's conditions of employment, including the agreement to arbitrate "all disputes." Doc. No. 14-1, at 1-2. The Resolution Agreement concludes that it embodies all agreements existing between DeLuna and Spindletop regarding all matters addressed within the Resolution Agreement and neither party had the power to alter or waive any of the terms or conditions of the Resolution Agreement except in a separate writing. Doc. No. 14-1, at 9. Because there is no evidence the parties have altered or superseded the Resolution Agreement with any "separate writing" or otherwise, the court finds there is a valid agreement to arbitrate.

### 3. The Dispute Falls within the Scope of the Arbitration Agreement

Having found that a valid agreement exists, the question remains whether the dispute at issue falls within the scope of the Arbitration Agreement. *Jones*, 583 F.3d at 234; *Sherer*, 548

F.3d at 381. Once a court determines that a valid agreement exists, which it has here, the court must resolve any doubts concerning the scope of an arbitration agreement in favor of arbitration. *Banc One Acceptance Corp.*, 367 F.3d at 429. Therefore, "a motion to compel arbitration under an arbitration clause 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.' " *Brandom v. Gulf Coast Bank and Trust Co*, 253 F.3d 706, 1 (5th Cir. 2001) (per curiam) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co*., 363 U.S. 574, 582-83 (1960)). When determining whether the parties' claims fall within the scope of an arbitration agreement, courts focus on the factual allegations underlying the parties' claims rather than the parties' characterization of them. *Harvey v. Joyce*, 199 F.3d 790, 794-95 (5th Cir. 2000).

> The arbitration clause within the Resolution Agreement states:
>
> all legally cognizable claims between Employee and Employer or any of its constituent members, employees, officials, officers, agents, affiliates or benefit plans, arising from or in any way related to Employee's employment by Employer, including the termination thereof, including but not limited to the construction or application of this Agreement, shall be resolved exclusively by final and binding arbitration in Beaumont, Texas by an arbitrator chosen by Employee from a list of arbitration providers which shall be maintained by Employer … It is the parties' intent that all disputes of any legally cognizable claim, no matter whether alleged to arise by statute, contract, common law, or otherwise, between them must be arbitrated … It is the intent of the parties that this agreement to arbitrate shall be construed as broadly as possible to include any and all legally cognizable disputes which may arise between them.

Doc. No. 14-1, ¶3.1.

In her original complaint, DeLuna succinctly alleges that Defendants wrongfully terminated her employment in June of 2020 in violation of the employment policy. Doc. No. 1, at 4. Although not entirely clear, in her amended complaint, DeLuna specifies that the dispute

centered on her employment position with the substance abuse program. Doc. No. 8, at 3. Because her lawsuit arises from her employment and later termination by Spindletop, and its employee Milo, it is clearly within the scope of the arbitration agreement.

### IV. Recommendation

Based on the foregoing analysis, Defendants' *Motion to Compel Arbitration* (Doc. No. 14) should be GRANTED. DeLuna's claims should be submitted to arbitration and the case administratively closed.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) not exceed eight pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2); E.D. LOC. R. CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 17th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge